UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER S. CHAPMAN, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL MOTOWN RECORDS GROUP, et al., <br><br> Defendants. | CASE NO. 08 CV-3255 (LAP) <br><br> ECF CASE |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF
PLAINTIFF'S COUNSEL DUNCAN G. BYERS FOR LEAVE TO WITHDRAW**

Christine Lepera
Jeffrey M. Movit
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone:  (212) 509-3900
Facsimile:  (212) 509-7239

*Attorneys for Defendant
Universal Motown Records Group,
a Division of UMG Recordings, Inc.*

Universal Motown Records Group, a division of UMG Recordings, Inc. ("Defendant" or "Universal"), respectfully submits this Memorandum of Law in Opposition to the motion of Duncan G. Byers, Esq. for leave to withdraw as counsel for Plaintiff Christopher S. Chapman ("Chapman" or "Plaintiff").

## I. SUMMARY OF ARGUMENT

Local Civil Rule 1.4 provides that a motion for leave to withdraw should not be granted unless the movant makes an evidentiary showing which demonstrates that there is good cause for such withdrawal. *See, e.g., In re Albert,* 277 B.R. 38, 45 (S.D.N.Y. Bankr. 2002).  Although Mr. Byers has provided the Court with certain reasons for his withdrawal, none of those reasons are supported by sufficient facts or evidence demonstrating that there is good cause for withdrawal.

*First,* Mr. Byers seeks to withdraw on the grounds that his client has failed to pay litigation expenses.  Mr. Byers' affidavit does not specify any amount incurred and demanded to be reimbursed, nor does it indicate that Chapman is refusing to pay any specific amount incurred by Mr. Byers.  Moreover, the retainer agreement between Mr. Byers and Chapman, upon which the motion is predicated, does not state that Chapman is obligated to pay expenses on an ongoing basis, or on demand.  Instead, a fair interpretation of the retainer agreement is that any expenses are to be paid out of any recovery as part of Mr. Byers' contingency arrangement with Chapman. Further, Mr. Byers also has not explained in his affidavit the amount of expenses he has incurred and anticipates having to incur during the next stage of this litigation,[1] and that is another basis for denial of the motion.  *See In re Albert, supra.*

---

[1] While Mr. Byers provided an overall estimate to Mr. Chapman of expenses, he does not explain on this motion what amount is due and owing and for what charges, nor does he explain
(…continued)

*Second*, Mr. Byers contends that he has had disagreements with his client regarding strategy. However, those disagreements are stated in only conclusory terms, and they have not prevented Mr. Byers from actively pursing this claim on behalf of Mr. Chapman for many years, commencing in May of 2004. As Mr. Byers states in his motion papers, he represented Mr. Chapman from May 2004 to December 2006, and then again from June 2007 to present.

*Third,* Mr. Byers has made certain statements in his motion papers that suggest that he does not believe in the merits of his client's claim against Defendant. *See also* Letter of Duncan Byers, dated February 6, 2009, attached as Exhibit 7 to the Accompanying Declaration of Christine Lepera, sworn to February 11, 2009 (the "Lepera Decl."). A conclusory assertion that a case lacks merit does not constitute good cause for withdrawal. *See, e.g., Willis v. Holder*, 43 A.D.3d 1441, 1441, 842 N.Y.S.2d 841, 842 (4th Dep't 2007).

## II.   BACKGROUND FACTS

Chapman appears to have retained Mr. Byers in May 2004. (*See* Byers Aff., Ex. 1.) However, according to Mr. Byers, they parted ways briefly in 2007. Plaintiff commenced this action *pro se* and *in forma pauperis* in the Eastern District of Virginia by filing a Complaint on or about February 15, 2007. (Ex. 1.)[2] Mr. Byers shortly thereafter entered an appearance on behalf of Plaintiff in the action, on or about July 6, 2007. (*Id.*) The action subsequently was transferred to the Southern District of New York. (*Id.*) Plaintiff filed his Amended Complaint

---

(…continued)
the expenses he anticipates will be accrued in responding to Defendant's forthcoming motion for summary judgment.

[2] Citations to "Ex. __" refer to the exhibits attached to the accompanying Lepera Decl.

on or about July 29, 2008, asserting a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and a claim for conversion under Virginia law.

On July 14, 2008, this Court entered a Scheduling Order which, *inter alia*, bifurcated liability and damages discovery, set a deadline of January 30, 2009 for the completion of fact liability discovery and a deadline of April 30, 2009 for the completion of any expert liability discovery. (Ex. 2). Plaintiff and Defendant subsequently agreed in writing upon a schedule for the exchange of expert opinions, under which schedule Plaintiff was required to serve any expert reports on liability issues by January 30, 2009. (*Id.* at ¶ 5 and Exs. 3, 4.)

On January 21, 2009, nine days before the close of fact discovery and one week prior to the scheduled deposition of Chapman on January 28, 2009, Mr. Byers informed Defendant that he intended to move (a) for leave to withdraw as counsel for Chapman and (b) for a 45-day stay of the action. (*Id.* at ¶ 6.) Defendant sent Mr. Byers a letter the next day informing him that Defendant did not consent to his withdrawal or to a stay of the action. (Ex. 5.) On January 26, 2009, Mr. Byers filed the instant motion, seeking leave to withdraw as counsel and a 45-day stay of the action. The next day, this Court issued an order which denied the request for a stay. On January 28, 2009, Defendant's counsel deposed Chapman and Mr. Byers defended that deposition as Plaintiff's counsel. (*Id.* at ¶ 8.) On January 29, 2009, Mr. Byers confirmed to Defendant's counsel that Plaintiff would not be serving an expert report regarding liability issues. (*Id.* at ¶ 9 and Ex. 6.)[3]

Following these recent events, including Mr. Chapman's deposition, Defendant's counsel and Mr. Byers discussed whether he intended to pursue the motion to withdraw, and whether he

---

[3] Consistent with that advice, Plaintiff has not served any expert liability report.

and his client would be willing to enter into stipulation providing for a dismissal with prejudice of this action and a release of all claims against Universal and other parties, in exchange for a release of claims for fees and sanctions for the prosecution of this action. (*Id.* at ¶ 10.)[4] Mr. Byers sent Defendant a letter on February 6, 2009 which indicated that Chapman was unwilling to entertain such a resolution and which advised that Mr. Byers would be pursing his motion to withdraw. (Ex 7.)

### III.  ARGUMENT

#### A.  Standard of Review

Local Civil Rule 1.4, which governs the adjudication of this motion, provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted **only** upon a **showing** by affidavit or otherwise of **satisfactory reasons for withdrawal** or displacement and the posture of the case, including its position, if any, on the calendar. (emphasis added)

Under Rule 1.4, "to be relieved as counsel, a lawyer appearing before this Court must make an application for withdrawal supported by affidavit or otherwise and a showing of satisfactory reasons sufficient to constitute cause for withdrawal." *In re Albert,* 277 B.R. 38, 45 (S.D.N.Y. Bankr. 2002). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court . . . ." *Cashdan v. Cashdan*, 243 A.D.2d 598, 598, 663 N.Y.S.2d 271, 272 (2d Dep't 1997). *Accord, In re Albert,* 277 B.R. 38, 47 (S.D.N.Y. Bankr. 2002).

---

[4] Defendant had suggested this action be resolved along these terms back in November of 2008, as reported to the Court by Mr. Byers. *See* Ex. 8 ("Defendant has made a proposal for the resolution of this dispute, which proposal has been rejected by Plaintiff.").

4

New York's ethical rules provide "'guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel.'" *In re Albert,* 277 B.R. at 46-47 (citation omitted). Here, Mr. Byers contends that he seeks to withdraw as counsel because "Plaintiff has both failed in his obligation to pay expenses and has made it unreasonably difficult for Counsel to effectively represent him." (Brief Supp. Mot. to Withdraw at 2.) New York Disciplinary Rule 2-110(c) provides that these asserted reasons constitute grounds upon which an attorney *may permissibly* seek leave to withdraw as counsel, but do not constitute grounds upon which an attorney *must* withdraw as counsel. 22 NYCRR §§ 1200.15(c)(1)(vi); 1200.15(c)(1)(iv). Accordingly, even if Mr. Byers had made a sufficient evidentiary showing in support of his asserted grounds for withdrawal – and as explained below, he has failed to do so – this Court still would have discretion to deny his motion for withdrawal.

**B.      Chapman's Alleged Failure to Pay Litigation Expenses Does Not Provide Good Cause for Mr. Byers to Withdraw as Chapman's Counsel**

The primary reason why Mr. Byers contends there is good cause for him to withdraw as counsel is because Chapman allegedly has a "duty" to reimburse Mr. Byers for his litigation expenses as those expenses are incurred, and that Chapman has failed to comply with this alleged duty. (Brief Supp. Mot. to Withdraw at 2.) The Court should deny withdrawal on this ground for two reasons.

*First*, the evidence submitted by Mr. Byers in support of his motion does not establish that Chapman had an obligation to reimburse Mr. Byers for litigation expenses as they were incurred or at any specific time. The May 19, 2004 retainer agreement between Mr. Byers and Chapman includes expenses as part of the amounts to be deducted or recovered by Mr. Byers from any recovery, as part of the contingency arrangement, as follows:

5

> As we discussed, I will represent you in this issue on a contingency fee basis, the contingency fee being 33 1/3% of what we recover plus any costs, such as court filing fees, expert witness fees, etc.

(Byers Aff., Ex. 1).

Although Mr. Byers asserts that he and his client shared an "understanding" that Chapman would pay litigation expenses as they were incurred (*id.*, ¶ 7), such "understanding" is not reflected in the retainer agreement signed by Chapman. Even if there is an ambiguity in the retainer agreement, in "New York, agreements between attorneys and clients are construed in a manner which is most favorable for the client." *In re Albert,* 277 B.R. 38, 48 (S.D.N.Y. Bankr. 2002) (collecting authority so holding). Chapman's retainer agreement does not state that Chapman is required to pay for or reimburse expenses as incurred, or at this stage of the proceeding. Given the terms of the retainer agreement and the law in New York, Chapman's claimed failure to pay for or reimburse Mr. Byers for undocumented and unspecified expenses at this juncture does not provide sufficient basis for the motion for withdrawal.

A recent decision entitled *McCord v. State of New York*, N.Y.L.J., Oct. 1, 2008 at 26 (col. 1) (N.Y. Ct. Cl. Sept. 12, 2008), is instructive.[5] In *McCord*, an attorney filed a motion for permission to withdraw as counsel, on the grounds that his client previously agreed to pay in advance for certain litigation expenses, but then failed to do so. The court denied counsel's motion to withdraw, on the grounds that the governing retainer agreement did *not* require the client to reimburse those expenses at any time prior to the conclusion of the litigation. The court explained: "Counsel's obligations arise from the terms of his retainer agreement and from the

---

[5] A copy of this decision is attached to the Lepera Decl. as Ex. 9.

2105883.8

Code of Professional Responsibility, [and] not from [counsel's] understanding . . . ." The same analysis applies here.

*Second,* even if, *arguendo,* Chapman did have a duty to reimburse litigation expenses on an ongoing basis, Mr. Byers' withdrawal should still be denied. "A motion for withdrawal made by an attorney who has not received full payment may be denied where this will not impose an unreasonable financial burden." *In re Albert,* 277 B.R. 38, 46 (S.D.N.Y. Bankr. 2002) (citation omitted). *See also George v. George*, 217 A.D.2d 913, 914, 629 N.Y.S. 2d 602, 603 (4th Dep't 1995). Here, Mr. Byers has not demonstrated the imposition upon him of a financial burden based on existing expenses, and has not demonstrated the significant *additional* expenses he will incur in this action. Fact discovery regarding liability issues has concluded, and Chapman is not proffering any expert witnesses during the liability phase of this action. During the next few weeks, Defendant intends to prepare and file a motion for summary judgment, which Defendant respectfully submits should result in judgment in its favor. Mr. Byers is unlikely to incur any significant expenses in responding to Defendant's forthcoming motion for summary judgment.

### C. The Alleged Past Disagreements Between Mr. Byers and His Client Do Not Provide Good Cause for Mr. Byers to Withdraw as Counsel

Mr. Byers also contends that he should be allowed to withdraw because he and his client disagreed on whether expert testimony was necessary to prove Chapman's case, and because Chapman allegedly instructed Mr. Byers to not apprise Defendant "of [Plaintiff's] discovery progress" or of the fact that Mr. Byers intended to file a motion for leave to withdraw. (Byers Aff., ¶¶ 15, 17.) However, these alleged past disagreements now appear to be moot. Mr. Byers defended Chapman as counsel throughout his deposition. (Lepera Decl., ¶ 8.) The period for liability discovery under the Scheduling Order has now ended. Mr. Byers has not provided the

7

Court with any evidence that would indicate why these alleged past disagreements would prevent him from representing Chapman in response to Defendant's forthcoming motion for summary judgment.[6]

### D. Mr. Byers' Conclusory Assertions That This Action Lacks Merit Do Not Provide Good Cause for Him to Withdraw as Counsel

Mr. Byers' communications suggest that he does not believe this action to be meritorious. (Ex. 7.) However, this type of conclusory assertion by counsel does *not* constitute good cause to withdraw. *See, e.g., Willis v. Holder*, 43 A.D.3d 1441, 1441, 842 N.Y.S.2d 841, 842 (4th Dep't 2007) (attorney's "conclusory assertion that the underlying action lacks merit is insufficient to establish good and sufficient cause for withdrawal"). *See also Countryman v. Watertown Housing Auth.,* 13 Misc.3d 632, 633, 820 N.Y.S.2d 757, 758 (Sup. Ct. Jefferson Cty. 2006) (". . . [T]he fact that [counsel of record believes] a lawsuit is of questionable liability, limited damages, and a likely unfavorable trial result is not the type of impairment of the attorney-client relationship that permits withdrawal of counsel.").

---

[6] Mr. Byers also asserts in Paragraph 15 of his Affidavit that "Chapman and I mutually agreed that I would no longer represent him." However, Mr. Byers has not provided the Court with any written statement from Chapman memorializing such an agreement, and it is not evident that Mr. Chapman is fully in accord with this decision by Mr. Byers.

8

## IV.   CONCLUSION

For the above reasons, Defendant respectfully requests that this Court deny Mr. Byers' motion for leave to withdraw.  Alternatively, Defendant respectfully requests that this Court deny Mr. Byers' application pending resolution of Defendant's forthcoming motion for summary judgment with leave to re-file his application, should it be necessary, following resolution of Defendant's motion.

Dated:  New York, New York
       February 11, 2009

MITCHELL SILBERBERG & KNUPP LLP

By:   /s/ Christine Lepera
    Christine Lepera (*ctl@msk.com*)
    Jeffrey M. Movit (*jmm@msk.com*)
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone:  (212) 509-3900
    Facsimile:  (212) 509-7239

    *Attorneys for Defendant*
    *Universal Motown Records Group,*
    *a Division of UMG Recordings, Inc.*