```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____              │
│ DATE FILED: 2/4/10          │
└─────────────────────────────┘
```
-----------------------------------X

CHRISTOPHER S. CHAPMAN,          :
                                 :
                     Plaintiff,  :     08 Civ. 3255 (LAP)
                                 :
          -against-              :     MEMORANDUM AND ORDER
                                 :
UNIVERSAL MOTOWN RECORDS GROUP   :
                                 :
                     Defendant.  :
-----------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

     Plaintiff Christopher Chapman ("Plaintiff") brings this
action against Defendant Universal Motown Records Group
("Universal") alleging, inter alia, that its recording artist
Joseph Cartagena's song "Lean Back" ("Cartagena's song")
infringed his copyright to his own song "Lean Back"
("Plaintiff's song").  After certain of Plaintiff's claims were
dismissed [dkt. no. 30], the parties completed discovery on May
29, 2009 [dkt. no. 33].  Universal now moves for summary
judgment on Plaintiff's only remaining claim of copyright
infringement.  For the reasons set forth below, Universal's
motion [dkt. no. 48] is GRANTED, and Plaintiff's Amended
Complaint (the "Complaint") [dkt. no. 7] is dismissed in its
entirety.

I.   BACKGROUND[1]

Around March 2003, Plaintiff composed and recorded the song "Lean Back" for his album "Now Hiring." (Pl.'s Resp. 56.1 Stmt. ¶¶ 1-2.) Plaintiff registered his album with the Copyright Office. (Id. ¶ 3.) Around January 2004, Plaintiff gave a copy of his album to Antone Barnes, an employee of Universal. (Id. ¶¶ 4, 25.) Later that year, Universal released the album "True Story" by Cartagena, a rap artist who performs under the name "Fat Joe." (Id. ¶ 5.) The album, like Plaintiff's "Now Hiring," contains a song titled "Lean Back" (id.), which uses the phrase "lean back" in a manner somewhat similar to the way Plaintiff uses it in his song (id. ¶ 30). The parties dispute virtually all other relevant facts.

Universal asserts that Cartagena independently composed his song in collaboration with two other individuals, Remy Smith and Scott Storch. (Id. ¶ 8.) According to Universal, none of those men have ever met or communicated with Plaintiff (id. ¶¶ 12-14, 17-20), and Cartagena had never heard of Plaintiff or his song before Plaintiff filed this action in 2008 (id. ¶¶ 15-16, 21-22). Universal also asserts that Cartagena has never met or

---

[1]  The following undisputed facts are derived from Universal's Local Rule 56.1 Statement ("Universal's 56.1 Stmt."), Plaintiff's Response thereto ("Pl.'s Resp. 56.1 Stmt."), and Plaintiff's Local Rule 56.1 Statement ("Pl.'s Opp'n 56.1 Stmt.").

2

heard of anyone named Antone Barnes (id. ¶¶ 23-24)² and that Barnes's employment likely did not involve any dealings with Cartagena (id. ¶¶ 25-29).

Plaintiff, however, asserts that Barnes held himself out to Plaintiff as an Artist & Repertoire representative for Universal. (Pl.'s Opp'n 56.1 Stmt. ¶ 9.) According to Plaintiff, Barnes represented that he had a close relationship with Cartagena. (Id. ¶¶ 12-14.) After possessing the recording of Plaintiff's song for a number of months, Barnes allegedly informed Plaintiff that Universal was rejecting "Now Hiring" and that Plaintiff should rethink his song in light of the impending release of Cartagena's song. (Id. ¶¶ 15-16.) On Plaintiff's theory, Barnes used his ties to Cartagena to transfer Plaintiff's song to Cartagena, who then wrote the allegedly infringing song "Lean Back." (See id. ¶¶ 18-20.)

## II. JURISDICTION

This Court has jurisdiction over Plaintiff's copyright claim pursuant to 28 U.S.C. § 1338(a).

---

² Paragraph 23 contains a typographical error: the word "Chapman" should read "Cartagena." (See Universal's 56.1 Stmt. ¶ 23.)

3

III. DISCUSSION

    A.   Legal Standard for Summary Judgment

    A party moving for summary judgment will prevail only "'if
the pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law."
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.
R. Civ. P. 56(c)). "An issue of fact is 'genuine' if 'the
evidence is such that a reasonable jury could return a verdict
for the non[-]moving party.' A fact is 'material' for these
purposes if it 'might affect the outcome of the suit under the
governing law.'" Overton v. New York State Div. of Military and
Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004) (quoting Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In assessing
whether a genuine issue of material fact exists, a court must
examine the evidence in the light most favorable to the non-
moving party. Lucente v. IBM Corp., 310 F.3d 243, 253 (2d Cir.
2002).


    B.   Application to Plaintiff's Infringement Claim

        1.   Legal Standard for Copyright Infringement

    "In a copyright infringement case, the plaintiff must show:
(i) ownership of a valid copyright; and (ii) unauthorized

                               4

copying of the copyrighted work." Jorgensen v. Epic/Sony

Records, 351 F.3d 46, 51 (2d Cir. 2003) (citing Feist Publ'ns,

Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Castle

Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137

(2d Cir. 1998)). "A certificate of registration from the United

States Register of Copyrights constitutes prima facie evidence

of the valid ownership of a copyright." Id.

> To satisfy the second element of an infringement
> claim—the unauthorized copying element—a plaintiff
> must show both that his work was actually copied and
> that the portion copied amounts to an improper or
> unlawful appropriation.    Actual  copying  may  be
> established by direct or indirect evidence.  Because
> direct evidence of copying is seldom available, a
> plaintiff may establish copying circumstantially by
> demonstrating  that  the  person  who  composed  the
> defendant's  work  had  access  to  the  copyrighted
> material, and that there are similarities between the
> two works that are probative of copying.

Id. (citations and internal quotation marks omitted).  "Access

means that an alleged infringer had a reasonable possibility—

not simply a bare possibility—of hearing the prior work; access

cannot be based on mere speculation or conjecture."  Id.

(internal quotation marks omitted).  Finally, "[t]here is an

inverse relationship between access and probative similarity

such that the stronger the proof of similarity, the less the

proof of access is required. . . . [W]here the works in question

are so strikingly similar as to preclude the possibility of

independent creation, copying may be proved without a showing of
access." Id. at 56.

### 2. Evidentiary Rulings

As an initial matter, the Court does not consider some of
Plaintiff's proffered evidence because it is inadmissible.
First, the expert report of Robert Irving III is inadmissible
because it is precluded by the Court's June 3, 2009 order [dkt.
no. 33]. Preclusion of evidence, though a harsh remedy, is
sometimes "necessary to achieve the purpose of Rule 37 as a
credible deterrent rather than a 'paper tiger.'" Update Art,
Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).
Here, the June 3, 2009 order states: "Mr. Chapman is precluded
from offering expert testimony or reports." [Dkt. no. 33.]
Further, the Court issued its order only after granting
Plaintiff's request for an extension of time to complete expert
discovery. [See dkt. no. 31.] Plaintiff failed to utilize this
time to complete the expert report. [See dkt. no. 33.] Now, in
his opposition, Plaintiff neither offers an explanation for his
submission of the precluded report nor even mentions the
preclusion order. Therefore, Plaintiff's expert report is
inadmissible.

Second, paragraphs 26-44 of Michael Irving's Affidavit
contain opinion testimony regarding the alleged similarities

6

between Plaintiff's song and Cartagena's song. Yet Plaintiff
does not offer Michael Irving as an expert. "Federal Rule of
Evidence 701 permits non-expert witnesses to offer opinions and
to draw inferences so long as they are limited to those opinions
or inferences which are . . . rationally based on the perception
of the witness." Tufariello v. Long Island R.R. Co., 458 F.3d
80, 90 (2d Cir. 2006) (internal quotation marks omitted).  Here,
Michael Irving's Affidavit implies that he has listened to both
songs and performed an aural comparison of them.  (See Michael
Irving Aff. ¶ 31.)  Thus, any opinions he offers must be
rationally based on his aural comparison of the two songs and,
because he may not testify as an expert, may not be "based on
scientific, technical, or other specialized knowledge."  Fed. R.
Evid. 702.  Assuming that the observation that "both renditions
share a significant vocal intonation (descent in pitch from high
to low)" (id. ¶ 31) need not be based on specialized knowledge,
paragraph 31 arguably meets this standard.  At the same time,
though, it is an observation that jurors could make as easily as
Mr. Irving.  Thus, it is of no assistance to the jury and,
indeed, usurps the jury's role.  All other paragraphs in this
section contain analysis that either requires technical
knowledge or could not rationally be based only on listening to
the two songs.  Accordingly, paragraphs 26-44 are inadmissible.

Third, other parts of Michael Irving's Affidavit are inadmissible because they are hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Pursuant to Federal Rule of Evidence 802, such a statement is generally inadmissible. Rosenfeld v. Basquiat, 73 F.3d 84, 89 (2d Cir. 1996). For example, Michael Irving states that Barnes represented, both orally and in writing on his website, that Barnes had a close relationship with Cartagena. (See Michael Irving Aff. ¶¶ 14-16.) This testimony falls squarely within the definition of hearsay and is not subject to an exception. Irving is testifying to statements made by Barnes, and Plaintiff offers Irving's testimony to prove that Barnes had a close relationship with Cartagena; that is, for the truth of Barnes's assertions. Plaintiff does not suggest that this testimony falls within an exception to the hearsay rule, and the Court can identify no applicable exception. Therefore, these statements are inadmissible.

Finally, Plaintiff testified at his deposition that Barnes represented on Barnes's website that he and Cartagena "were like brothers." (See Chapman Dep. 213:5-215:21.) This testimony, like that of Michael Irving, is hearsay. Plaintiff may not testify to the written representations of Barnes in order to

prove that those representations were true. See Rosenfeld, 73
F.3d at 89; Novak v. Tucows, Inc., No. 06-CV-1909, 2007 WL
922306, at *5 (E.D.N.Y. Mar. 26, 2007) ("Where postings from
internet websites are not statements made by declarants
testifying at trial and are offered to prove the truth of the
matter asserted, such postings generally constitute hearsay
under Fed. R. Evid. 801.") (citing United States v. Jackson, 208
F.3d 633, 638 (7th Cir. 2000)). Therefore, this testimony is
inadmissible.[3]

### 3. Cartagena's Song is Not Strikingly Similar to Plaintiff's Song

Turning to the merits of Plaintiff's claim, the Court must
first determine whether Plaintiff is required to prove the
element of access. Universal argues that Plaintiff must prove
that Cartagena had access to Plaintiff's song because the two
songs are not "so strikingly similar as to preclude the
possibility of independent creation, copying may be proved
without a showing of access." Jorgensen, 351 F.3d at 56.
Offering as evidence the recordings of the two songs, Universal
contends that the only similarity is the phrase "lean back" and
that that phrase is not subject to copyright.

---

[3] This analysis applies equally to Universal's submission of
Exhibits E and F to the Movit Affidavit; however, a discussion
of these Exhibits is unnecessary because the Court does not rely
on them for its determination of Universal's motion.

9

In opposition, Plaintiff characterizes various aspects of the songs as "significantly similar." (Pl.'s Mem. Opp'n Summ. J. 5.)  Yet Plaintiff asserts most of his similarity arguments on the basis of inadmissible evidence.  Plaintiff's only admissible evidence of similarity consists of Plaintiff's deposition testimony and the recordings of the songs themselves. Plaintiff's deposition testimony identifies only two similar aspects of the songs: (1) the phrase "lean back" and (2) the mention of dancing in the context of that phrase.  (Chapman Dep. 251:1-255:13.)  The recordings of the songs themselves suggest that any similarities other than the use of the phrase "lean back" are relatively attenuated: the lyrics, melodic line, musical accompaniment, rhythm, tempo, and overall sound of the songs are not "so strikingly similar as to preclude the possibility of independent creation." Jorgensen, 351 F.3d at 56; (see Movit Decl. Ex. C).  And the phrase "lean back" is not subject to copyright. See, e.g., 37 C.F.R. § 202.1(a) (2009) ("Words and short phrases such as names, titles and slogans" are not subject to copyright.); Johnson v. Gordon, 409 F.3d 12, 24 (1st Cir. 2005) (holding that the title and lyric "You're the One for Me," though used similarly in both songs at issue, is common and therefore "too trite to warrant copyright protection"); Jean v. Bug Music, Inc., No. 00 Civ. 4022, 2002 WL 287786, at *6 (S.D.N.Y. Feb. 27, 2002) (Chin, J.) ("[A]

reasonable jury could only conclude that the [allegedly infringed] lyrical excerpt 'clap your hands' is not afforded copyright protection because the excerpt is a common phrase[.]"). Therefore, Plaintiff must prove that Cartagena had access to Plaintiff's song.

### 4. Universal Has Demonstrated a Prima Facie Entitlement to Summary Judgment

Universal argues that Plaintiff's inability to prove access entitles it to summary judgment on Plaintiff's infringement claim. In support of its motion, Universal offers the Declaration of Cartagena and the Declaration of Gayle Moore, a Senior Vice President of Human Resources for Universal. Cartagena states that he had "never received a copy of any music of Chapman, including his song 'Lean Back,' from any source." (Cartagena Aff. ¶ 4.) Cartagena had "never heard [Plaintiff's song] prior to the time he asserted his infringement claim." (Id. ¶ 5.) Importantly, Cartagena does "not know any individual named Antone Barnes." (Id. ¶ 7.) Cartagena also states that he "independently created [his] song." (Id. ¶ 8.)

Moore states that "Barnes'[s] job responsibilities [at Universal] included promoting the sale of recorded music by persuading radio station Program Directors to place Universal Records' songs on radio station playlists in the Maryland area."

11

(Moore Aff. ¶ 3.) She asserts that "Promotion staff members such as Mr. Barnes typically have no responsibility for finding new artists[] or deciding which recordings will be released by [Universal]. They have no authority to enter into recording or distribution agreements." (Id. ¶ 4.) And she asserts that "Mr. Barnes has never been employed in an Artist & Repertoire . . . capacity by any of [Universal's] divisions, which divisions are engaged in the selection and review process for potential new artists for [Universal's] labels." (Id. ¶ 5.)

The Moore Declaration is, at best, barely relevant because it does not establish that Barnes had no ties to Cartagena. The Declaration discusses only the terms of Barnes's employment. Barnes's connection to Cartagena, as well as his actual representations to Plaintiff regarding that connection, may have been outside the scope of his employment. Thus, the Moore Declaration does not carry Universal's burden.

The Cartagena Declaration, however, establishes Universal's prima facie entitlement to summary judgment because it shows that Barnes did not give Cartagena access to Plaintiff's song. Cartagena's testimony that he has never known anyone named Antone Barnes and that he had never heard Plaintiff's song before composing his own song demonstrates that Cartagena did not have access to Plaintiff's song. Accordingly, the burden

12

shifts to Plaintiff to show that a genuine issue of material fact exists.

### 5. Plaintiff Has Failed to Raise a Genuine Issue of Material Fact

To survive summary judgment, Plaintiff's admissible evidence must set forth a prima facie case of copyright infringement and rebut the Cartagena Declaration. Plaintiff fails to carry this burden. Plaintiff's only evidence tending to show access consists of (1) statements in the Affidavit of Michael Irving (see ¶¶ 14-16) and (2) Plaintiff's deposition testimony (see Chapman Dep. 212:2-220:22). As discussed supra in Part III(B)(1), Michael Irving's relevant statements are inadmissible to establish that Cartagena had access to Plaintiff's song through Barnes because those statements are hearsay. Similarly, Plaintiff's deposition testimony is inadmissible to establish a link between Barnes and Cartagena because that testimony is also hearsay. Thus, Plaintiff offers no admissible evidence that could link Barnes to Cartagena.

Plaintiff's admissible deposition testimony only confirms Cartagena's sworn statements. It indicates that Plaintiff has never met or communicated directly with Cartagena, Storch, or Smith. (Chapman Dep. 212:2-213:4.) Plaintiff has no documents that would indicate that any of those men ever received a

recording of his song.  (Id. at 216:4-12.)  Plaintiff has no
evidence that any of those men ever attended any of Plaintiff's
live performances.  (Id. at 219:6-20.)  And Plaintiff admits he
did not publicly distribute his recording of "Lean Back."  (Id.
at 219:21-220:22.)

     In sum, Plaintiff's admissible evidence does not rebut
Cartagena's Declaration.  Therefore, Plaintiff cannot, as a
matter of law, prove that Universal infringed his copyright to
"Lean Back."  Accordingly, Universal's motion for summary
judgment is GRANTED.

IV.  CONCLUSION

For the foregoing reasons, Universal's motion [dkt. no. 48] is GRANTED.  Plaintiff's Amended Complaint [dkt. no. 7] is DISMISSED in its entirety with prejudice.  The Clerk of Court shall mark this action CLOSED and all pending motions DENIED as moot.


SO ORDERED:

DATED:    New York, New York
          February  _3_ , 2010


_Loretta A. Preska_

LORETTA A. PRESKA,  Chief U.S.D.J.

15